11-2657-ag
Zheng v. Holder

BIA
Straus, IJ
A078 016 055

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        JOSEPH M. McLAUGHLIN,
        RAYMOND J. LOHIER, JR.,
            Circuit Judges.

_____

XIU FANG ZHENG,
        *Petitioner*,

        v.                                          11-2657-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Tina Howe, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Virginia Lum, Attorney,
                       Office of Immigration Litigation,

**Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Fang Zheng, a native and citizen of the People's Republic of China, seeks review of a June 3, 2011 order of the BIA affirming the July 19, 2010 order of an Immigration Judge ("IJ"), denying her motion to reopen her removal proceedings. *In re Xiu Fang Zheng*, No. A078 016 055 (B.I.A. June 3, 2011), *aff'g* No. A078 016 055 (Immig. Ct. N.Y. City July 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's denial of a motion to reopen proceedings in order to rescind an *in absentia* removal order or to apply for relief based on new evidence for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005); *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

There is no dispute that Zheng's May 2010 motion to reopen was untimely under either the 90-day period applicable to motions to reopen or the 180-day period applicable to motions to rescind because she filed it five years after she was ordered removed *in absentia*. *See* 8 U.S.C. §§ 1229a, (b)(5)(C)(i), (c)(7)(C). However, time limitations on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that, among other things, the movant has exercised "due diligence" in vindicating her rights. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). An alien is required to exercise due diligence in pursuing her case both before and after she has or should have discovered the alleged ineffective assistance. *See Rashid* v. *Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

Here, the agency denied Zheng's motion to reopen because it determined that she had not exercised due diligence in pursuing her claims. Specifically, the IJ concluded that Zheng had taken "no action about her case for five years" after she was ordered removed *in absentia*. Zheng argues that her statement in her affidavit – that she sought the assistance of a lawyer, but that she was advised

3

it would be difficult to reopen her proceedings – is sufficient to demonstrate due diligence. Although the IJ did not specifically discuss Zheng's affidavit, we "presume that the IJ has taken into account all of the evidence, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337, n.17 (2d Cir. 2006). Zheng points to nothing in the record suggesting that the IJ did not take her statement into account. Further, given that it was Zheng's burden to establish that she had exercised due diligence in pursuing her claims, *see Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007), her ambiguous statement that she had unsuccessfully sought the assistance of attorneys, without any further detail, is not sufficient. *See Rashid*, 533 F.3d at 133 (holding that due diligence required petitioner to "follow up with his attorney . . . and if he received no response, to obtain new counsel, seek relief from the agency on his own, or take other affirmative action"). Accordingly, the agency did not abuse its discretion in denying Zheng's motion to reopen her immigration proceedings.

We decline to consider Zheng's argument that the agency erred in failing to construe her motion to reopen as one

seeking to reopen on the basis of new evidence showing changed conditions for Falun Gong practitioners in China, rather than one seeking to rescind her *in absentia* removal order based on ineffective assistance of counsel, as Zheng did not raise this argument before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk